UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEVECHIUS BERNARDONI, BAHAR NAVAB,
JUSTIN BINDER, and KATHERINE BINDER,

                    Plaintiffs,                       Case Number 23-12881

v.                                              Honorable David M. Lawson

FCA US LLC,

                    Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS TO AMEND ANSWER TO COMPLAINT AND TO COMPEL ARBITRATION, AND ESTABLISHING CASE MANAGEMENT BENCHMARKS

The plaintiffs, married couples, allege in their complaint that each couple purchased a Chrysler Pacifica Plug-in Hybrid minivan manufactured by defendant FCA US LLC. They contend that the vehicles were defective because they have combusted spontaneously, despite having received a corrective modification of the vehicles following the defendant's recall notice. The defendant has filed a motion to compel plaintiffs Justin and Katherine Binder to submit their claims to arbitration per an arbitration clause included in a purchase agreement that the Binders executed with their dealer when buying their vehicle. The defendant also has filed a motion to amend its answer to plead the arbitration clause as an affirmative defense to claims brought by the Binders. The Court heard oral arguments on the motions in open court on June 12, 2024. The defendant has moved timely to amend its answer, and its proposed amendment is not futile. The arbitration provision contains a delegation clause relegating the question of arbitrability to the arbitrator, and because the defendant has not engaged in conduct in this particular case that is inconsistent with its reliance on the arbitration clause, the motions will be granted.

I.

This case is a tagalong matter to MDL 3040, a multidistrict action involving 11 putative class actions with 69 named plaintiffs who have pleaded, cumulatively, more than 81 counts under the laws of 31 states. All those plaintiffs allege that their vehicles are plagued with a similar defect, that is, that, either due to faults in their design or problems during the manufacturing process, the large battery plant incorporated into the powertrain of the vehicles has a tendency spontaneously to enter a "thermal runaway" state resulting in combustion or explosion of the vehicle. The spontaneous ignition of the batteries, the plaintiffs say, may occur unpredictably at any time, even when the vehicles are parked and the ignition is off. Due to the risk of spontaneous fires, the plaintiffs say that they are unable to drive or leave the vehicles unattended with peace of mind, and they are forced to seek parking locations far removed from structures or other vehicles due to the risk of damage to any nearby property if the vehicles suddenly burst into flames. The plaintiffs in the MDL generally do not contend that their vehicles have immolated. Instead, they contend that the vehicles are worth considerably less than they paid because of the practical implications of the defect.

On November 13, 2023, plaintiffs Jevechius Bernardoni, Bahar Navab, Justin Binder, and Katherine Binder filed their complaint pleading similar causes of action as the consolidated plaintiffs based on the same alleged battery fire risk defect. The new plaintiffs are two married couples who bought class vehicles in California. Both couples have alleged that their class vehicles had the defendant's recall fix applied, and afterward they experienced battery fires that destroyed the vehicles and damaged nearby residential property, due to the vehicles being parked in the garage or driveway of their respective residences at the time of the fires. The *Bernardoni* pleadings

do not indicate that any plaintiffs suffered personal injury other than emotional trauma relating to

the immolation of the vehicles and endangerment of their family and residence.

Justin and Katherine Binder bought their 2017 Chrysler Pacifica Hybrid on September 29,

2017, from Walnut Creek Chrysler Dodge Jeep Ram in Walnut Creek, California.  It is undisputed

that the purchase agreement that the Binders signed included an arbitration clause that reads as

follows:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the
> interpretation and scope of this Arbitration Provision, and the arbitrability of the
> claim or dispute), between you and us or our employees, agents, successors or
> assigns, which arises out of or relates to your credit application, purchase or
> condition of this vehicle, this contract or any resulting transaction or relationship
> (including any such relationship with third parties who do not sign this contract),
> shall, at your or our election, be resolved by neutral, binding arbitration and not by
> a court action.

Purchase Agreement, ECF No. 16-3, PageID.666.  The sales contract indicates that it is governed

by "Federal law and California law."  *Id.* at 664.

The *Bernardoni* complaint pleads claims of strict product liability, negligence, and

negligent misrepresentation under California law.

Some of the plaintiffs in the MDL action also signed dealer agreements that contained

arbitration clauses.  The defendant moved to compel arbitration in those cases.  On February 5,

2024, the Court issued an opinion denying the defendant's motion to compel arbitration in those

cases, concluding that the defendant had waived the right to avail itself of the arbitral forum by

seeking dispositive rulings from the Court on the merits of all claims pleaded in the consolidated

master complaint (CMC).  *In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, No. 22-3040,

2024 WL 416370, at *2 (E.D. Mich. Feb. 5, 2024).  The defendant appealed that ruling, and the

Court stayed the proceedings as to the 18 plaintiffs involved in that appeal.  The appeal remains

pending in the Sixth Circuit.

In the meantime, in the *Bernardoni* suit, the defendant had filed its answer to the separate complaint on January 5, 2024.  However, on February 9, 2024, the defendant filed its motion to amend its answer to assert the arbitration agreement as an affirmative defense to the Binders' claims and a motion to compel arbitration.

This case has been consolidated into the MDL, although the plaintiffs here do not seek to join the putative class.  The Court initially established a timeline for discovery and motion practice relating to class certification and the merits of the claims in the main case, and that schedule has been enlarged several times at the parties' joint request.  As it stands presently, the schedule calls for the parties to file motions challenging experts relating to class certification by June 10, 2024 (which they have done), the plaintiffs' motion for class certification is due by September 11, 2024, all discovery must be completed by January 31, 2025, and dispositive and expert motions concerning merits questions must be filed no later than February 28, 2025.

## II.

To start, the defendant seeks to amend its answer to add the arbitration affirmative defense. That motion is governed by Federal Rule of Civil Procedure 15(a).  Rule 15(a)(2) requires a party seeking to amend its pleadings at this stage of the proceedings to obtain leave of court.  Although Rule 15(a)(2) says that "[t]he court should freely give leave [to amend] when justice so requires," leave may be denied for undue delay, bad faith by the moving party, repeated failure to cure defects by previously-allowed amendments, futility of the proposed new claim, or undue prejudice to the opposite party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997).

The plaintiffs resist the motion to amend by reiterating their opposition to the motion to compel arbitration: that the defendant waived its right to compel arbitration by waiting until after

- 4 -

filing its answer and engaging in discovery to file its arbitration motion.  They also argue futility, citing the Court's previous ruling on a motion to compel arbitration as to some of the plaintiffs in the main MDL action, and they contend that the defendant delayed too long before seeking the amendment.

The defendant did not "unduly delay" seeking to amend its affirmative defenses because it sought to amend promptly after it learned about the arbitration agreement upon receiving a copy of the purchase contract in response to a subpoena.  The defendant's assertion of the arbitration defense is not futile; the question of the arbitration clause's applicability must be determined by the arbitrator, as explained below.  And the issue of waiver or forfeiture of the defense is a merits question that does not preclude amendment of the answer.

Moreover, contrary to the plaintiffs' argument, there is no evidence in the record suggesting that the defendant acted with any improper motive where its motion to compel arbitration was filed in this case promptly at the outset of the litigation before the defendant sought any dispositive relief from the Court relating to the newly consolidated claims.  This tag-along action is in its infancy, discovery only recently commenced, and no dispositive motion practice has yet occurred. The plaintiffs have not identified any way in which they will be significantly prejudiced by the amendment.

The defendant's motion to amend its answer will be granted.

III.

The defendant argues that the delegation clause in the arbitration agreement consigns to the arbitrator all questions about the arbitrability of the plaintiffs' claims, which must be addressed in the first instance in the arbitral forum.  Alternatively, it contends that if the Court decides the question of arbitrability, the arbitration agreement is valid and covers the plaintiffs' claims, and

the agreement may be invoked by the defendant as a non-signatory.  In reply, the defendant further argues that it did not waive its right to the arbitral forum because it was not a signatory to the contract and therefore did not have knowledge of its right to arbitrate until it received a copy of the purchase contract during discovery in the *Bernardoni* case.  It also contends that the fact that the Court found waiver as to some other plaintiffs based on a distinguishable procedural record in the main MDL case does not compel a finding that the defendant also waived its right to arbitration in this tag-along case, particularly where the claims of the Binder plaintiffs were not then before the Court.

The plaintiffs take issue with the applicability of the delegation clause, but their main argument is that the defendant waived its right to compel arbitration by waiting until after it filed an answer and engaged in discovery before asserting that defense.  Addressing the arbitrability question, they contend that the defendant does not offer any "clear and unmistakable evidence" that the plaintiffs agreed to arbitrate their claims against the defendant (as opposed to the dealer who sold them the car).

A.

"'[A]rbitration is a matter of contract,' meaning 'courts must "rigorously enforce" arbitration agreements according to their terms.'"  *In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 878 (6th Cir. 2021) (quoting *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)).  The parties may designate the issues that they will submit to the arbitrator.  *Lamps Plus, Inc. v. Varela*, --- U.S. ---, 139 S. Ct. 1407, 1416 (2019).  So they "may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."  *Henry Schein, Inc. v. Archer & White Sales, Inc.*, --- U.S. ---,

- 6 -

139 S. Ct. 524, 529 (2019).  However, when the parties delegate to the arbitrator the "threshold arbitrability questions," they must do so in the agreement "by 'clear and unmistakable evidence.'" *In re StockX*, 19 F.4th at 878 (quoting *Henry Schein*, 139 S. Ct. at 530).  "Such a choice is typically evidenced in a so-called 'delegation' clause or provision." *Ibid.*

This Court considered the scope of a dealer agreement's arbitration clause with nearly identical language in *Harper v. General Motors, LLC*, No. 21-12907, 2023 WL 2586298, (E.D. Mich. Mar. 21, 2023).  There, the Court held that the "language . . . plainly delegates to the arbitrator full authority to determine the scope and enforceability of the arbitration clause," and that the "language is clear and unmistakable evidence of the parties' intent to have an arbitrator decide all questions about the scope, applicability, and enforceability of the arbitration clause." 2023 WL 2586298, at *5 (citing *In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 878-79 (6th Cir. 2021)).  The plaintiffs have not established any good grounds to avoid the same result in this case, on indistinguishable facts, in the same procedural posture.

The plaintiffs contend that the language of the dealer agreement does not indicate that they agreed to delegate to an arbitrator questions about the arbitrability of claims involving non-signatories like the manufacturer, because, per their construction of the clause, the contract only contemplates arbitration of claims by the plaintiffs against the retail car dealer, not claims against third parties.  To put it another way, the plaintiffs essentially argue that they only agreed to have an arbitrator decide the arbitrability of claims that are subject to arbitration.  The Sixth Circuit has rejected such circular reasoning, holding that where a valid arbitration agreement exists, which includes a delegation clause, all questions of arbitrability are consigned to the arbitral forum, without regard to whether the claims may or may not be found to be subject to arbitration. *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 847 (6th Cir. 2020).  Other courts in this district

addressing the same arguments have reached the same conclusion that the delegation clause in question compels the Court to defer all questions about arbitrability to the arbitral forum. *E.g.*, *In re Chevrolet Bolt EV Battery Litig.*, 633 F. Supp. 3d 921, 950, (E.D. Mich. 2022); *Cunningham v. Ford Motor Co.*, No. 21-10781, 2022 WL 2819115, at *6 (E.D. Mich. July 19, 2022) (citing *Swiger v. Rosette*, 989 F.3d 501, 507 (6th Cir. 2021)).

As the Sixth Circuit explained in *Swiger*, the question before the Court is extremely narrow and does not implicate the merits of any claims, or even what forum in which those merits will be addressed. Instead, the question is simply in what forum the question must be presented in the first instance to determine which forum will take up the merits of the claims. *Swiger*, 989 F.3d at 507-08. Even if other courts have found similar arbitration clauses unenforceable against a manufacturer, that reality does not negate the arbitrator's authority to make that call in the first instance. In fact, that is what happened in *Harper*. The case was referred to arbitration, where the arbitrator determined that the manufacturer did not have the benefit of the arbitration clause, and the case was returned to this Court to address the merits of the product liability claim.

In this instance, just as in *Harper*, the contract language unambiguously delegates to the arbitrator all threshold questions of arbitrability. This case is an even clearer call than *Harper* because here the plaintiffs do not dispute the existence or validity of the purchase contract containing the arbitration clause. Instead, they merely argue that the claims are not subject to arbitration. But that is an argument that they agreed to have an arbitrator address, not this Court. Notably, the clause here, as in *Harper*, conspicuously contemplates arbitration of disputes about the involvement of third parties. The language of the delegation clause — "including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute" — is unconditional, with no exception or piecemeal reservation of questions about arbitrability.

Instead, the clause plainly delegates to an arbitrator *all* questions about "the interpretation and scope" of "this Arbitration Provision" — in its entirety — and "the arbitrability of the claim or dispute." This Court so held in *Harper*, construing identical contract language. *See Harper*, 2023 WL 2586298, at *5 (citing *In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 878-79 (6th Cir. 2021)). The Court reaches the same result here. All of the plaintiffs' arguments about the scope of the arbitration clause must be presented to an arbitrator to consider.

B.

The plaintiffs' waiver argument is based on the well-recognized rule that contractual rights, including the right to arbitrate, may be waived. *United States ex rel. Dorsa v. Miraca Life Scis., Inc.*, 33 F.4th 352, 357 (6th Cir. 2022) (citing *Am. Locomotive Co. v. Gyro Process Co.*, 185 F.2d 316, 318 (6th Cir. 1950)). The Sixth Circuit has found a waiver when the party seeking to compel arbitration has "tak[en] actions that are completely inconsistent with any reliance on an arbitration agreement." *Ibid.* Prejudice to the opposite party does not figure in the determination. *Morgan v. Sundance*, 596 U.S. 411, 419 (2022). Instead, the Court must decide whether a party, "by litigating [in court] too long, waived its right to stay litigation or compel arbitration under the FAA." *Ibid.* The focus is on whether a defendant's litigation activity in a judicial forum "'considered together' was 'completely inconsistent' with reliance on arbitration." *Schwebke v. United Wholesale Mtg.*, 96 F.4th 971, 975 (6th Cir. 2024) (quoting *Johnson Assoc. Corp. v. HL Operating Corp.*, 680 F.3d 713, 719 (6th Cir. 2012)).

The defendant's litigation conduct does not support an inference that it waived (or forfeited) its arbitration defense. The plaintiffs point to this Court's earlier decision finding waiver in the main MDL action (which presently is on appeal), and to the defendants' conduct in *Schwebke* and *Johnson Associates*. But in those cases, the defendants had engaged in extensive discovery,

filed counterclaims, and participated in facilitated settlement discussions.  In *Schwebke*, the defendant did not move to compel arbitration until after discovery had closed.  96 F.4th at 975.  And in *Johnson Associates*, the defendant waited eight months before raising the arbitration defense, all the while robustly litigating the case by pursuing extensive discovery, including noticing eight depositions.  680 F.3d at 719.  Finally, in the main MDL case, the defendant actually sought a merits adjudication by filing a motion to dismiss.

The circumstances here readily are distinguishable and do not support a finding of waiver.  The defendant raised the arbitration issue within weeks of filing its answer, promptly after it received contract documents evidencing the availability of arbitration.  The plaintiffs have not cited any case in which such a motion brought at a nascent stage of the litigation was denied on the ground of waiver, nor does the record suggest that the defendant has engaged in any conduct consistent with abandonment of a known right to avail itself of the arbitral forum.  Instead, so far as the record suggests, the defendant raised the question at the outset of the case, before either the parties or the Court had turned to serious work on the merits of the claims, and as soon as the defendant became aware that it may have a right to seek relief in a non-judicial forum.  Finding a waiver merely on the basis of filing an answer and engaging in early discovery would be an inference far too lightly taken based on the conduct evidenced so far.

IV.

The contract in question delegates to an arbitrator all questions of arbitrability, and the defendant has not waived its right to seek diversion to the alternative forum.  The defendant has satisfied the requirements for obtaining leave to amend its answer to assert the arbitration affirmative defense.

Accordingly, it is **ORDERED** that the defendant's motion for leave to amend its answer to the complaint (ECF No.15) is **GRANTED**.

It is further **ORDERED** that the defendant's motion to compel arbitration (ECF No. 16) is **GRANTED**.

It is further **ORDERED** that the dispute concerning plaintiffs Justin Binder and Katherine Binder **only** shall be submitted to arbitration in accordance with the contract, and their case in this Court is **STAYED**.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that, after the arbitration has concluded, either party may apply to the Court to dissolve the stay and reopen proceedings relating to the Binder plaintiffs for the purpose of enforcing, confirming, or vacating, as appropriate, the arbitral award.

It is further **ORDERED** that this Court shall retain jurisdiction to review and enforce or vacate the arbitral award.

It is further **ORDERED** that this case as it pertains to plaintiffs Jevechius Bernardoni and Bahar Navab shall proceed as a tagalong case to MDL 3040, and the case management benchmarks as established in that matter in Pretrial Order No. 7, except insofar as they pertain to class certification, shall govern the management of this case.  *See In re Chrysler Pacifica Fire Recall Prod. Liab. Litig.*, No. 22-3040, ECF No. 113.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   June 20, 2024